IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CSTMR, LLC, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:23-CV-1306 |
| | § | |
| LIBERTY SBF, LP | § | |
| | § | |
|     *Defendant*. | § | |

**PETITION AND MOTION TO CONFIRM ARBITRATION AWARD AND NOTICE OF APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD**

Petitioner CSMTR, LLC ("CSTMR") files this Petition and Motion to Confirm Arbitration Award and Notice of Application for Order to Confirm Arbitration Award against Respondent LIBERTY SBF, LP ("Liberty SBF") pursuant to 9 U.S.C. § 9 and Notice of Application for Order to Confirm Arbitration Award.

## **INTRODUCTION**

CSTMR requests confirmation of an arbitration award issued on September 25, 2023, in private arbitration number 2023-1 with Arbitrator Jeff Rose (the "Arbitration"). A true and correct copy of the "Final Order and Award" is attached hereto as Exhibit 1. Arbitrator Jeff Rose (the "Arbitrator") entered a monetary award of $1,526,997.80, with an offset of $248,417.00 in favor of CSTMR and against Liberty SBF. Exhibit 1, Final Order and Award. With the offset, the net amount that Liberty is ordered to pay is $1,278,580.80. *Id*.

Liberty SBF was ordered to pay that amount within 30 days of the date of the order. Thus, the date the payment is due is October 25, 2023.

## PARTIES

1. CSTMR, LLC is a limited liability company formed under the laws of the State of Texas, with its principal office located in Travis County, Texas.

2. Liberty SBF, LP is a limited partnership formed under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to confirm the arbitration award at issue pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount sought in the arbitration proceeding exceeded $75,000.

4. This Court has personal jurisdiction over Liberty SBF because Liberty SBF purposefully availed itself of the benefits of the laws of the State of Texas when it agreed by contract to apply Texas law to this dispute. Liberty SBF also chose the state or federal courts in Travis County, Texas as the forum to resolve all disputes arising out of or relating to the parties' agreement. Liberty SBF consented to Austin, Texas as the situs of the Arbitration. Liberty SBF has established minimum contacts with Texas and the exercise of jurisdiction by the courts of this state comports with traditional notions of fair play and substantial justice.

5. Venue is proper for this confirmation proceeding pursuant to 9 U.S.C. § 9 because the Final Order and Award was issued by the Arbitrator in Austin, Travis County, Texas.

## FACTUAL BACKGROUND

6. On December 17, 2021, CSTMR filed a Demand for Arbitration with the American Arbitration Association ("AAA") against Liberty SBF, seeking damages in excess of $1,000,000 million for breach of contract. A true and correct copy of CSTMR's Initial Demand for Arbitration is attached hereto as Exhibit 2. CSTMR's claims arose out of contracts with Liberty SBF in which CSTMR agreed to perform marketing work for Liberty SBF, which is a non-bank business lender.

Liberty SBF, of course, agreed to pay for those services. The contracts were called the Marketing Services Agreement and Statement of Work, and are collectively referred to herein as the "Contracts." A true and correct copy of the Contracts is attached hereto as Exhibit A to Exhibit 2, the Original Demand for Arbitration.

7. On August 18, 2022, Liberty SBF filed amended counterclaims against CSTMR, alleging that CSTMR had breached the contract, and that CSTMR had fraudulently induced Liberty SBF into the Contracts.

8. The Contract has an extensive provision related to the disputes arising out of the Contracts. The Contracts stated that, in the event of a "dispute, controversy, or claim" CSTMR and Liberty SBF must go through a process of negotiation and mediation. If those processes failed, then, "either Party may commence a neutral, binding arbitration…" under the AAA's Commercial Arbitration Rules. The Contracts, specifically the Marketing Services Agreement, designated Austin, Texas as the location of the Arbitration, and CSTMR properly designated Austin as the location of the Arbitration in its initial Demand.

9. The parties initially agreed to an arbitrator through the AAA, but that arbitrator was forced to withdraw when he received an appointment a district judgeship in Williamson County, Texas. Then, the parties agreed to a private arbitration in Austin before former judge Jeff Rose.

10. After discovery, a final hearing was held before the Arbitrator on July 10-14, 2023.

11. Following the evidentiary hearing and post-hearing submissions by both parties, the Arbitrator entered the Final Order and Award referenced above. In the Final Order and Award, the Arbitrator found that Liberty SBF had breached the Contracts, and that Liberty SBF had failed to prove its counterclaims.

12. In the Final Order and Award, the Arbitrator found that CSTMR had proven damages of unpaid invoices in the amount of $1,010,043.00, contractual interest of $387,367.50, attorneys' fees of $110,202.50, and expenses of $19,384.80. The total amount owed by Liberty SBF to CSTMR is $1,526,997.80. The Arbitrator also found that the evidence showed that CSTMR held $248,417.00 that had been deposited with CSTMR by Liberty SBF, and stated that Liberty SBF was entitled to receive an offset in that amount. Thus, the net amount that Liberty SBF was ordered to pay is $1,278,580.80.

13. The Final Order and Award requires Liberty SBF to make such payments to CSTMR within 30 days of the date of the Final Order and Award. Thus, the payment is due on October 25, 2023.

## MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

14. The Federal Arbitration Act ("FAA") is applicable to all "commerce among the several States." 9 U.S.C. §§ 1, 2. The Contracts are between CSTMR, a Texas limited liability company, and Liberty SBF, a Delaware limited partnership, for marketing work related to Liberty SBF's lending business. Accordingly, the Contracts reflect commerce among multiple states, and the FAA governs.

15. The FAA states in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. This case meets all of the requirements for confirmation of the award.

16. First, Section 11(c) of the Marketing Services Agreement satisfies the first requirement of the FAA because it authorizes judgment to be entered upon any arbitration award:

> Exclusive jurisdiction for the entry of final and binding judgment upon any award rendered by an arbitrator, enforcement of any mediated settlement agreement, or as to any permissible action relating to this Agreement shall be in the state or federal courts, as applicable, of Travis County, Texas, and the Parties hereby submit to the personal jurisdiction of the state and federal courts, as applicable, located in Travis County, Texas. The Parties waive, to the fullest extent permitted by law, any rights to appeal, or to review of, any arbitrator's award by any court….

Exhibit A to Exhibit 2, (Section 11(c)).

17. Second, CSTMR makes this application within one year after delivery of the Final Order and Award. The Final Order and Award is dated September 25, 2023, and the deadline within which CSTMR may bring this Petition runs through September 25, 2024. Moreover, as the Final Order and Award was rendered in Travis County, Texas, this Court has jurisdiction to grant CSTMR's petition.

18. Third, no grounds exist for modification, correction, or vacatur of the Final Order and Award. The limited, exclusive statutory grounds for vacatur of an award include situations where:

   a. the award was procured by corruption, fraud, or undue means;

   b. there was evident partiality or corruption in the arbitrators, or either of them;

   c. the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

   d.  the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. *See also Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) (holding that no grounds outside the statutory framework may be considered for vacating or modifying an arbitration award). Similarly, the exclusive grounds for modification of an award include:

   a.  Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

   b.  Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or

   c.  Where the award is imperfect in matter of form not affecting the merits of the controversy.

19. None of the circumstances under Sections 10 or 11 of the FAA exist in this case. There are no miscalculations, nor have any been alleged by the parties.

20. Section 13 of the FAA requires that any party moving for an order confirming an arbitration to award to attach the following documents:

   a.  **The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.** The agreement to arbitrate is contained in the Marketing Services Agreement, Exhibit A to Exhibit 2, Section 11(c). No additional arbitrators were appointed or selected for this matter, and no extensions of time for the Arbitrator to render his award was given.

   b. **The award.** The "award" in this matter consists of the Final Order and Award, attached hereto as Exhibit 1.

   c. **Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award.** Neither party requested the Arbitrator to modify or correct the award.

21. All requirements for confirmation have been met. Accordingly, pursuant to 9 U.S.C. § 9, CSTMR seeks confirmation of the Final Order and Award and a judgment in conformity with the Final Order and Award against Liberty SBF.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Trinity respectfully requests judgment as follows:

1. Confirmation of the Final Order and Award as a Judgment of this Court against Liberty SBF in the amount of 1,526,997.80, with an offset of $248,417.00;

2. Interest at the statutory rate (28 U.S.C. § 1961(a)) on the amount of $1,278,580.80, accruing from October 25, 2023 until paid; and

3. Any and all further relief this Court deems just and proper.

Dated October 26, 2023	Respectfully Submitted,

**LOVINS | TROSCLAIR, P.L.L.C.**

*/s/ Michael E. Lovins*
Michael E. Lovins
State Bar No. 24032555
Michael@LovinsLaw.com
1301 S. Capital of Texas Highway
Building A, Suite 136
Austin, Texas 78746
Telephone: (512) 535-1649
Facsimile: (214) 276-1475

**ATTORNEYS FOR PETITIONER**